■ Brookfield Industries, Inc., Respondent, v Stanley Goldman et al., Defendants and Third-Party Plaintiffs-Appellants. Milton Braten et al., Third-Party Defendants-Respondents. — Order, Supreme Court, New York County (Greenfield, J.), entered February 26, 1981, which granted plaintiff's and third-party defendants' motion for summary judgment to the extent of striking the denials, defenses, counterclaim and third-party claim from the defendants' answer and directed an assessment of damages, unanimously reversed, on the law, with costs and disbursements, the plaintiff's and third-party defendants' motion is denied and the defendants' answer and third-party complaint is reinstated. The appeal from the order of said court, entered July 2, 1981, which denied defendants' motion for reargument is dismissed, as nonappealable, without costs. Defendants, the principal shareholders of Eagle Clothes, Inc., a corporation which filed for bankruptcy pursuant to chapter 11, were seeking to obtain outside financing to fund a bankruptcy plan in a manner satisfactory to Eagle's creditors. They entered into an agreement with plaintiff which provided that they would sell to plaintiff 50% of their stock in Eagle for one dollar and would execute and deliver to plaintiff irrevocable proxies for the balance of their stock. The agreement provided in pertinent part that plaintiff would "attempt to obtain [the] consent [of the creditors' committee of Eagle] to a Plan of Arrangement" and that "if within ninety days you have not been able to negotiate with the Committee a plan of arrangement satisfactory to the Committee, or if you have terminated your negotiations * * * and if we then have a plan to submit to the Committee, then, within ten days after written notice to you from us that we have a plan to submit, you will either arrive at a plan acceptable to the Committee, or will return our proxies

to us." The proxy statement provides that in the event a plan is not consummated, defendants may repurchase the shares for one dollar. Plaintiff's proposal to the creditors' committee was rejected, plaintiff having refused to make any commitment to advance or guarantee the sum of $2,000,000. Another company, Chief Apparel, Inc., made a proposal whereby it would loan $2,000,000 to Eagle, which proposal was accepted by the committee. Defendants never having actually transferred shares to plaintiff, then demanded that plaintiff return to defendants their proxies. Plaintiff commenced this action for breach of contract to sell and deliver shares of stock to plaintiff. Defendants in their answer allege that they were induced to enter into the contract by false representations by plaintiff's principals, the third-party defendants Braten and Soifer, to the effect that plaintiff was prepared to make a financial commitment of not less that $2,000,000 to fund the proposed chapter 11 bankruptcy plan. Every contract has an implied covenant of good faith. Special Term found that all plaintiff had to do under the agreement was to negotiate and that consummation of the plan was not required. Assuming such observation to be correct, factual issues are presented as to whether such negotiation occurred and, if so, whether it was in good faith. The statement of defendant Goldman that he "did not know the specifics of the plan because [plaintiff] had never discussed the plan that they were going to submit to the committee" is not dispositive because it is unclear as to whether such statement relates to the original understanding at the time of the making of the contract or to Goldman's subsequent perception that plaintiff appeared to be reneging on its original commitment. It is also noted that an arguable factual issue is present on the question of whether the agreement is unconscionable. No appeal lies from the denial of defendants' subsequent motion to reargue. Concur — Murphy, P. J., Sullivan, Lupiano, Bloom and Fein, JJ.